George W. Bonnell et al., Plffs. in Err., *v.* Irene Bonnell in Her Own Right and as Guardian *ad Litem* of Marcellus Bonnell.

After notorious, exclusive, and hostile possession of land for more than

NOTE.—It is immaterial whether the entry was by virtue of a parol gift or under pretense of such, where the possession is hostile, notorious, and adverse for the statutory period. Kennedy v. Wible, 8 Sad. Rep. 299. The question of the adverseness of the holding against the other heirs is for the jury, as held in BONNELL v. BONNELL; Williams v. Beam, 196 Pa. 341, 46 Atl. 432.

the statutory period, the statute of limitations conclusively ·establishes the right of the possessor, and what kind of a title he claims under becomes immaterial.

(Argued April 26, 1888.    Decided May 14, 1888.)

January Term, 1888, No. 209, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.    Error to the Common Pleas of Erie County to review a judgment in favor of the defendants in an action of ejectment, September Term, 1882, No. 4.    Affirmed.

The plaintiffs below and in error are the children of George Bonnell, deceased,. by his first wife; the defendants are the widow, who was the second wife, of said George Bonnell, and his minor son by such second wife, who claimed the land in suit under a will of said George Bonnell, whereby he devised the land to said second wife for· life, with remainder in fee to his said son by her.

The facts further appear from the following charge of the court below, BROWN, P. J.:

When this suit was brought, Mrs. Irene Bonnell, in her own right, and also as guardian of Marcellus Bonnell, was in the possession of the land in dispute, and for anything appearing to the contrary is still in possession.

The plaintiffs, George W. Bonnell, D. T. Bonnell, and E. M. Bonnell, bring this suit, claiming that the possession of the defendant is wrongful, and that the right of possession and title is in them, to the extent of the undivided nine-tenths part.

To entitle the plaintiffs to a verdict they must make good their claim, by a preponderance of evidence, and if they have failed to do so the verdict must be for the defendants.

The premises in dispute are the undivided nine tenths of 20 acres of land in Harbor Creek township.

It is admitted that the land is a part of what has been designated as 104 acres of land owned at one time by Thomas Bonnell, and that Thomas Bonnell is the common source of title; that is to say that both the plaintiffs and defendants claim by title derived from Thomas Bonnell.

By way of maintaining their claim the plaintiffs give in evi-

·dence the will of Thomas Bonnell, dated the 8th day of December, 1855, and proved the 4th day of October, 1873. By this will Thomas Bonnell bequeathed to his son George Bonnell, the use and occupancy, for his life, of the west half of the land upon which he, Thomas Bonnell, lived, and after the death of his wife, then to his children, to the children of George—by his first wife.

It appears that George Bonnell died in 1882, or thereabouts, and that the plaintiffs are his children by his first wife, and it is admitted, or at least undisputed, that whatever title to the land in controversy passed to the children of George, by his first wife, is (to the extent of the undivided nine tenths thereof) in the plaintiffs.

The plaintiffs have given in evidence the facts I have recited. These, together with other admitted facts, make out what we call a prima facie right in the plaintiffs to a verdict. That is to say, a right to recover the land, in the absence of any evidence on the part of the defendants answering the claim set up.

You will bear in mind that the right of the plaintiffs to this land rests on the will of Thomas Bonnell; if he owned the land at the time of his death, then by his will the title, to the extent that I have mentioned, is now vested in the plaintiffs, and they are entitled to a verdict.

The defendants, however, assail this will of Thomas Bonnell; or rather, I should say that they allege that at the time of his death, Thomas Bonnell did not own the land in dispute, but that before his death it had become absolutely vested in his son George.

If this claim of the defendants is sustained by the evidence and the law, then the verdict ought to be in favor of the defendants; and this for the very plain reason that Thomas Bonnell, having no right to the land, he could, by his will, confer no title upon the plaintiffs.

The claim of the defendants is: First, that as long ago as 1826, Thomas Bonnell being the owner of 104 acres of land, of which the land in dispute is a part, made a parol gift of the piece now in controversy to George, and that under such gift George acquired an absolute title thereto.

Is this claim of the defendants sustained?—is the question you are to answer from the evidence, under the instructions we shall give you as to the law governing the case, and to the law as we state it we call your particular attention.

The general rule in this commonwealth is that title to real estate, an interest in real estate, can only be acquired by a writing, signed by the party from whom the title comes. This rule is based upon a legislative enactment called the statute of frauds and perjuries; and the purpose of the statute is the very proper and very wise one of making land titles secure, as against evidence resting upon the uncertain or in the uncertain memory of witnesses, and against the danger of the frauds and perjuries with which titles to lands may be assailed.

Now, I have stated the general rule, and while the general rule is as I have stated, there are some exceptions recognized by the decisions of the supreme court.

But the party who sets up a claim to land upon parol evidence only is held to a higher degree of proof than is ordinarily required in civil suits.

Usually the mere preponderance of evidence justified the jury in finding a verdict in accordance with such preponderance. Not so here. The defendants have no writing from Thomas Bonnell showing a gift or sale of the land to George Bonnell, under whose will they claim. The burden of proof is, therefore, on them to show a right that rests upon some exception to the general rule requiring written evidence of title. And they must show this by evidence that is direct, positive, and unambiguous, clearly showing each of the facts necessary to bring themselves within the exception. If the defendants in this case have done so, then your verdict should be in their favor; if they have not, it should be in favor of the plaintiffs.

Having thus stated the character and degree of proof required from the defendants in support of the alleged parol gift from Thomas to George Bonnell, I now call your attention to the several facts the defendants must establish by evidence of the character that I have mentioned. They must show the fact of an actual gift from Thomas to George Bonnell before George Bonnell went into possession of the premises. They must show an actual gift of the entire interest in the land, and must satisfy the jury, from the evidence, that George understood the gift that he accepted. They must show that the land given was clearly identified: that is, that the particular land covered by the gift was individualized, so that it might be known; and they must show that in pursuance of the gift, and relying thereon, George went into possession and made valuable improvements from time

to time, and of such a character that these improvements could not be reasonably compensated in damages, and of such a character that the gift could not be rescinded.

If the defendants have established these facts by evidence of the clear, convincing character I have said is essential, then the title to the land became vested in George, and your verdict should be in the defendants' favor. But whether or not they have done so is for you to determine from the evidence. They claim that they have, and plaintiffs claim that they have not. I shall not attempt to detail the evidence on which the defendants make their claim. They claim that they have shown the gift by the repeated declarations of Thomas—by the acts of George—following the alleged gift, which they say cannot be accounted for upon any other hypothesis than the agreement between father and the son in relation to the gift, and that of an acceptance of the gift and a compliance of all its terms. That the land was subject to the gift was clearly designated. That George took possession after the gift and upon the faith of it cleared and fenced the land, built buildings and continued to occupy it from 1826 until his death in 1882.

This is the claim of the defendants.

On the other hand the plaintiffs claim that the evidence does not show a gift of the entire interest in the land from Thomas to George; but at the most, what the evidence shows and all that it shows is that Thomas made a gift to George merely of the use and occupation for his life.

That the possession of George, and the improvements made by him, and his continued occupancy down to the time of his death, was not on the faith and in pursuance of an absolute gift of land to him in fee simple, but was on the faith of and in pursuance of a promise or understanding between himself and his father that he should only have the use and occupation for his life.

Now you see the precise and essential dispute between these parties. The defendants claiming that the gift was of the absolute and entire interest in the land, vesting in George the right to do with it as he pleased; the plaintiffs claiming that the evidence only shows a gift to George for his life, and that instead of the improvements being made upon the strength of George becoming the owner of the entire interest, everything he

did was in pursuance of the understanding that he should have the property for life.

Now we say to you that if George took the possession and made the improvements on the faith that he. was to have a life interest only, then when George died the will of Thomas became operative to fix the title in the plaintiffs, who admittedly are the children of George by. his first wife, and the verdict should be in their favor; but if you are satisfied from their evidence that this was a gift of the entire interest, then the will of Thomas Bonnell when it was made was imperative, that is, that this was a gift of the entire interest and that there were such improvements made as I have said was necessary, and such occupancy to make a valid parol gift, and that it was of the entire interest, then your verdict should be in favor of the defendants.

The assignments of error, based upon the charge, and certain rulings upon evidence and upon points submitted, raised, in substance, the following questions:.

1. Was the court below in error in refusing to instruct the jury that the evidence was insufficient to establish a parol gift?

2. Did the court err in refusing to instruct the jury that there was a failure of evidence to sustain the title by limitation?

3. Was it error to reject evidence offered by the plaintiffs to show that George Bonnell (under whom the defendants claim title) took out letters testamentary under the will of Thomas Bonnell?

· · 4. Was it error to admit evidence showing the assessment of the land in dispute to George Bonnell, and reject as part of the same assessment the assessment of other land to him, in which he admittedly held but a life interest?

*G. A. Allen* and *L. Rosenzweig*, for plaintiffs in error.—The evidence upon the subject of the parol gift is lacking with reference to the extent of the gift, the nature and character of the title. The declarations of Thomas Bonnell, that he had given the land to George, must be taken and understood in view of what has been adjudicated by this court upon the meaning of such expressions in cases of similar character.

In Harris v. Richey, 56 Pa. 395, it was held: "All observation shows that parents habitually speak of property in the possession of their children as their children's without any inten-

tion of disclaiming their own title. Between father and son such language is understood as it should be, but when related before a judicial tribunal it may make a very different impression."

See also Poorman v. Kilgore, 26 Pa. 372, 67 Am. Dec. 524; Ackerman v. Fisher, 57 Pa. 457.

The evidence to establish a parol gift must not only be direct, positive, express, and unambiguous, but the contracting parties must be brought face to face; the witnesses must have heard the parties repeat it in each other's presence, and a contract is not to be inferred from the declaration of one of the parties. Ackerman v. Fisher, 57 Pa. 457.

There was a failure of evidence to establish title by the statute of limitations.

One accepting a benefit under a will is estopped from asserting a claim repugnant to its provisions. Cox v. Rogers, 77 Pa. 160; Miller v. Springer, 70 Pa. 269; Preston v. Jones, 9 Pa. 456.

*Benson & Brainerd,* for defendants in error.—A declaration, acknowledgment, and confession, clearly and satisfactorily proved, has always been the highest character of evidence, especially when applied to and supported by corroborating facts, and, as in this case, cannot mislead. Parol contracts and gifts are the same in principle. Syler v. Eckhart, 1 Binn. 378, which is referred to as correct, and the one now before the court, are similar, although the latter is much the stronger in time, circumstances, and evidence. In neither case did the father disturb the donee.

In Wood v. Hills, 19 Pa. 513, the defendants alleged that their grandfather made a parol gift of the land in controversy to their father, which was so far performed in the lifetime of the parents as not to be affected by the statute against frauds and perjuries.

The son must prove the contract; that the land was clearly designated; that open, notorious, and exclusive possession was taken and maintained under and in pursuance thereof; and that the improvements which constituted the consideration were made on the faith of the promised conveyance. 10 Watts, 204; 7 Pa. 91; 2 Whart. 387.

Erie & W. Valley R. Co. v. Knowles, 117 Pa. 77, 11 Atl. 250, was a case of parol contract concerning land.

The plaintiffs in error have referred to 56 Pa. 395, and 26 Pa. 372; these cases do not change nor assume to alter the rules of law on the subject, but, under the peculiar facts therein, throw out some cautions necessary to be observed in the investigation of that character of cases. The court does not say a gift or parol sale of land must be proved by a witness who saw the parties face to face and heard the contract. No such intimation is made, nor do the cases intimate that the declarations, confession, and acknowledgments of the donor or vendor are not evidence.

PER CURIAM:

We agree that the parol sale in this case was of no validity, but after one has been in the notorious, exclusive, and hostile possession of land for half a century, it does not make much difference whether he claims by parol title or no title at all, for the statute of limitations conclusively establishes his right. As to whether George Bonnell claimed the fee or only a life estate was a question that was fairly submitted to the jury.

The judgment is affirmed.